*Long & Kyle,* for plaintiff in error.

*Handy & Unverferth,* for defendant in error.

---

## LIABILITY FOR FALSE IMPRISONMENT.

[Circuit Court of Muskingum County.]

EDWARD L. TRACY v. EDWARD COFFEY.

Decided, October, 1905.

*False Arrest and Imprisonment—Mistaken Identity—Arrest Made Without Warrant—Circumstances Rendering Officer Liable—Facts and not Appearances—Necessary to Justify Officer—Burden of Proof—Charge of Court.*

1. A police officer who believes or has reasonable ground for believing that a felony has been committed may arrest a suspected person without a warrant; but should he discover that he has made a mistake in the identity of the prisoner, he should release him at once.

2. If the suspect refuses to submit to arrest and compels the officers to use force, he is guilty of resisting officers provided he is aware of their character as officers; and the question whether he knew they were officers, or believed he was being seized by persons with criminal intent or without authority to make an arrest, is one for the jury.

3. In an action for damages on account of false arrest and imprisonment, the burden is on the arresting officer to show that such a state of facts existed as justified him in making the arrest.

TAGGART, J.; DONAHUE, J., and McCARTY, J., concur.

The action in which the judgment was rendered (now sought to be reversed) was one for causing the false arrest and imprisonment of the defendant in error.

The record shows that the plaintiff below was a reputable citizen of the city of Zanesville, and on the evening of August 8, 1902, was going from the west side of the Muskingum river to the more central or business portion of the city. The evening was dark and stormy and the plaintiff had taken an unfrequented way to reach his destination.

The defendant below was the chief of police of the city of Zanesville and on the night in question he, in conjunction with two subordinate officers, were in search of two men, Stevens and Devine, who were charged with a homicide committed in Belmont county. One of the officers discovered Coffey and attempted to arrest him, but he resisted, and thereupon the other officer and Tracy came to the assistance of the officer with whom Coffey was struggling and overpowered Coffey and placed him under arrest. It was claimed by Coffey that the officers were in citizen's clothes and there was nothing to apprise him of their character. It was claimed by the officers that they informed him that they were officers, and that he was under arrest; that he continued his resistance until struck by Tracy and compelled to yield to superior force; that they believed him to be one of the persons for whom they were making search. The officers had no warrant to arrest Coffey or Devine or Stevens. After Coffey was struck by Tracy one of the officers recognized him, and informed Tracy that he is not one of the persons they were seeking and "that he is all right." Thereupon Tracy ordered his officers to take Coffey to the city prison and lock him up and "put a charge of suspicion against him or hold him until we can investigate him." After the lapse of an hour or two Tracy goes before the police judge and upon consultation with him files an affidavit charging Coffey with *"resisting an officer."* The next day Coffey is released from prison by Tracy on the promise that he will return the day following and answer the charge of resisting an officer. There is a dispute as to what actually took place before the police judge when Coffey appeared, but Coffey was set at liberty without any fine or costs imposed or he was otherwise held or punished. There is no dispute in this record as to the following facts—

First.   The officers were not seeking to arrest Coffey.

Second.   The officers had no warrant to arrest any one.

Third.   When the officers sought to arrest Coffey they were mistaken in the person of Coffey.

Fourth.   During the melee, the identity of Coffey was discovered and his character as a peaceable citizen vouched for by the officer in the presence of Tracy.

Fifth.   When the identity of Coffey was disclosed he was within the power of the officers and had surrendered.

Sixth.   Thereafter Tracy ordered his officers to continue the detention and lock him up in the city prison.

Among the many errors set forth in the motion for a new trial and in the petition in error, the principal one is to the charge of court to the jury.

It is urged that the charge does not correctly instruct the jury on the rule of law in respect *to the appearances of the situation as viewed by the officers, and the reasonableness or probable causes which induced Tracy to adopt the course of conduct he did pursue.* That is, *if the appearances justified him* and *he acted in good faith* and *under an honest belief that Coffey was resisting an officer,* he had the legal right to arrest him without a warrant and detain him until a warrant could be obtained; and that charge failing to contain such instructions is misleading and erroneous.

It is to be observed that the plaintiff in error remained content with an exception to the charge as given; did not call the court's attention to the omission to charge the rule of law now claimed and made no request for further instructions in that regard.   If the rule contended for was material or involved in the case, it was the duty of the party excepting to call the court's attention to the omission unless the jury was misled by the omission.   *The Columbus Railway Co.* v. *Ritter,* 67 O. S., 53.

Was the charge as given misleading, and did the trial judge err in omitting such an instruction?   The court in its charge defined false imprisonment as follows:

"False imprisonment consists of an unlawful detention by one person of another.   It is a trespass committed by one man against the person of another by unlawfully arresting him and detaining him without legal authority."

And further in the charge the court instructs the jury as follows:

"If the officers believed or had reasonable ground to believe that a felony had been committed and that Devine or Stevens had committed the crime and that Coffey was either Devine or Stevens, they had a legal right to arrest him without a warrant, although mistaken as to the identity of Coffey. But it was the duty of the officers to release Coffey on discovering their mistake."

These instructions are justified by the following authorities:

An officer who has arrested a party without process or on void process can not detain him on valid process until he has restored such party to the condition he was in at the time of his arrest. The law will not permit him to perpetrate a wrong for the purpose of executing process, nor, to use process for the purpose of continuing an imprisonment commenced without authority and by his wrongful act (6 H. L. Cases, 443; 50 N. Y., 669).

A person who has wrongfully arrested another without process or on a void process, can not detain him on a subsequent valid process until after he has been set at liberty (21 Barb., 99).

As to the right of the officers to further detain Coffey and require him to answer the charge of resisting an officer, we think the instructions to the jury were as favorable to the officer as he was entitled to. The court says—

"To constitute the offense of resistance of an officer, either under the state law or under an ordinance, the resistance or obstruction must be knowingly and willfully done. That is, if Coffey knew that the persons claiming to be officers, were officers and engaged in some official duty, and then knowingly and willfully violated either the state law or the ordinance of the city, and the officer, Tracy, found the plaintiff in the act of such violation, he could legally arrest him for such offense without a warrant and detain him for a reasonable time until a warrant could be obtained."

The court thus submits to the jury the disputed question of fact whether Coffey knew the persons who were detaining him and their character, whether officers or foot-pads. If Coffey

knew they were officers, under this charge, he was guilty of resisting the officers and his detention was legal; if he did not know their character he was not guilty and he was not lawfully detained.

The burden of proving the legality of the detention was on the officer Tracy. He was required to show that such a state of *facts existed* as justified him in making the arrest, not that *the appearances of things* so justified him.

In the case of *Rinehart* v. *City*, 49 O. S., 257, the court says:

"In an action against the city by the party arrested to recover the money [deposited in lieu of bail] in which the legality of his arrest becomes a material issue, it was incumbent on the defendant to show that *such a state of facts existed* as justified the officer in making the arrest without the previous issue of a warrant and that he did not detain the party arrested an unreasonable time before obtaining a legal warrant."

On page 266, Judge Dickman uses the following language:

"Where no affidavit charging the commission of an offense is filed with the magistrate and no warrant or process is issued for the apprehension of the person charged, it will not be presumed that an officer making an arrest acted under circumstances precluding the necessity of an affidavit and warrant. And in an action by the party arrested, in which the legality of such arrest is deemed a material issue in the case, it will not be incumbent upon him to establish that the officer *was not under the circumstances authorized* to arrest without warrant, but it will rather devolve upon those defending the officer *to show that such a state of facts* existed as justified the officer in making the arrest without the previous issue of a warrant and that he did not detain the arrested party an unreasonable length of time before obtaining a warrant."

But it is not claimed that the detention and confinement was for the purpose of procuring a warrant for resisting an officer. All the parties to this transaction unite in saying that Coffey was held until the chief could "put a charge of suspicion against him," which was subsequently changed to resisting an officer. He arrested him for committing a felony, under the mistake that he was either Devine or Stevens, and upon fully ascertaining that he had made a mistake he continues the arrest and

locks him in prison to await a charge of "suspicion" and subsequently charges him with resisting an officer.

We think there was no place in the charge to the jury for such instructions. Had such a charge been given, it would have been erroneous, being a mere abstract statement and having no application to the facts in this case and not a correct statement of the law. We find no error in the charge of the court, and no errors in the record to the prejudice of the plaintiff in error, and the judgment is affirmed.

*Winn & Bassett,* for plaintiffs in error.

*Andrews & George,* for defendants in error.